```
                      UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT

WELLS FARGO, N.A.,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )    Case No. 2:19-cv-108
                                )
AHMAD A. KANAN, et al.,         )
                                )
     Defendants.                )
_____)
                                )
UNITED STATES OF AMERICA,       )
                                )
     Counterclaim and Cross-    )
     Claim Plaintiff,           )
                                )
     v.                         )
                                )
AHMAD A. KANAN; GHUFRAN H.      )
KANAN; OAKRIDGE CONDOMINIUM     )
HOMEOWNERS ASSOCIATION, INC.;   )
DEPARTMENT OF JUSTICE;          )
OCCUPANTS RESIDING AT 69        )
PARTRIDGE DRIVE, ESSEX, VT      )
05452,                          )
                                )
     Counterclaim and Cross-    )
     Claim Defendants.          )
```

## ORDER

This case began as a foreclosure action brought by Wells Fargo, N.A. ("Wells Fargo") in state court. The Department of Justice was named as a defendant because the government held a lien on the property. The United States of America responded with a Notice of Removal, a Verified Answer, and a Cross-Claim Complaint. The United States has since stipulated to the

dismissal of its claims without prejudice, and the Court has entered a corresponding Order of Dismissal. The United States' motion for judgment on the pleadings (ECF No. 18) is therefore **denied as moot**.

On February 3, 2020, Wells Fargo filed a Notice of Voluntary Dismissal, representing to the Court that such a Notice was appropriate under Federal Rule of Civil Procedure 41(a)(1) because "no adverse party has answered or moved for summary judgment." ECF No. 20 at 1. When the Notice was filed, however, the United States had filed its Verified Answer to the Complaint.[1] ECF No. 13. Consequently, claims involving the United States could not be, and were not, dismissed under Rule 41(a)(1)(A)(i). Those claims remain pending.

On December 8, 2021, counsel for Wells Fargo filed a motion to withdraw, asserting that "Wells Fargo N.A. has no active claim against any party to this action and no party has a cross or counterclaim against Wells Fargo, N.A." ECF No. 47. The Court granted the motion, allowing Wells Fargo's counsel to withdraw from the case. In light of the pending claims against the United States, however, Wells Fargo remains a party in this case and requires representation. Accordingly, the order

---

[1] Wells Fargo later asserted that a Notice of Voluntary dismissal had been filed in state court, ECF No. 47, but the state court docket shows no such filing, ECF No. 5.

granting the motion to withdraw as counsel (ECF No. 50) is **vacated**.

If Wells Fargo wishes to move for dismissal of its claims without prejudice, it may do so within 30 days.  If Wells Fargo does not file such a motion within that time period, it must show cause, also within 30 days, why its claims should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Failure to submit a filing to the Court within 30 days will result in the dismissal of Wells Fargo's claims with prejudice pursuant to Rule 41(b).

DATED at Burlington, in the District of Vermont, this 11th day of March, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge